UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CIVIL RIGHTS ACT 42 U.S.C. Sec 1983

---

SYNTHIA CHINA BLAST, #97A0308,
ALBERTO RODRIGUEZ,   #95A8295,
"Any and All Similar Situated,"

**07 CV 0567**

            Plaintiff(s),

CLASS ACTION REQUESTED
"JURY TRIAL DEMANDED"

      -against-

COMMISSIONER BRIAN FISCHER,
DIRECTOR MARK LENARD, Ministerial Services,
CORC DIRECTOR KAREN BELLAMY,
SUPERINTENDENT ROBERT KIRKPATRICK,
DEPUTY SUPERINTENDENT PROGRAMS KAREN CROWLEY,
REV. D. SNYDER, Coordinating Chaplain,
"All Defendants being sued under their Individual,
Personal and, Official Capacity for Injunction relief and,
Punitive and/or Compensatory damages."

            Defendants.

---

### CIVIL COMPLAINT

-1-

## STATEMENT OF JURISDICTION

1.   This is a civil action seeking injunction relief and, compensatory damages to protect and defend the rights of the Constitution of the United States. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331, 1334 and 2201, under Title 42 U.S.C. 1983, and under the doctrine of supplemental and pendent jurisdiction, 28 U.S.C. 1367. Jurisdiction is premised upon the existence of federal questions, deprivations of federally protected constitutional and civil rights, and state law claims which derive from a common nucleus of operative fact with the federal claims.

2.   This is an action for compensatory damages, permanent injunction and, reasonable attorney fees and costs to any attorney who might be assigned by this Court.

## PREVIOUS LAW SUITS

a) Have you begun any previous lawsuit in State or Federal Court dealing with the same facts involved in this action.

b) Plaintiff has not filed any suits seeking relief on the above matter.

c) Have you begun any other lawsuit in federal or state court which relates to imprisonment. (Yes).

d) Plaintiff has filed two Section 1983 actions, i.e., 04-CV-0545, which plaintiff signed a "stipulation of discontinuance," and an Eighth Amendment action 03-CV-515(Sr), which is presently "still pending." The Hon. Judge Shroeder,Jr., resided in the above actions.

## STATEMENT OF CLAIM

3.   At all times relevant herein **all** Defendants' were "persons" for purpose of 42 U.S.C. Section 1983 and, acted "under color of law" to deprive Plaintiffs' their constitutional rights to practice their religion of Santeria and, to be permitted access to "religious" items necessary in the practice of the Santeria tenets after being notified that each item requested contains deep, sacred, theological basis in the study, practice and, living of the Santeria tenets. All "persons" deprived Santeria worshipping Plaintiffs' Equal Protection in violation of the 14th Amendment and, engaged in selective denial of protective services when Defendants' encouraged Plaintiffs' to choose "Islamic" items and, other religious items approved for "other" recognized religions pursuant to "DOCS" Directive 4911 and 4202 in order to practice the Santeria religion and, the Santeria tenets in further violation of the Establishment Clause of the First Amendment.

4.   At all relevant times herein **all** Defendants' deprived Plaintiffs' rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. Section 2000cc et seq., (2000) by depriving Santeria Plaintiffs' access to religious items necessary in the practice of the Santeria tenets.

## PARTIES

5.   Plaintiff, SYNTHIA CHINA BLAST, is an inmate confined at the Wende Correctional Facility, located at 3040 Wende Road., Alden, New York 14004-1187.

6.   Plaintiff, ALBERTO RODRIGUEZ, is an inmate confined at the Wende Correctional Facility located at 3040 Wende Road., Alden, New York 14004-1187.

-3-

7.   Defendant **Brian Fisher** is the Commissioner of the "DOCS". He is being sued in his Personal and Official Capacity. Defendant **Mark Lenard** is the Director of the "DOCS". He is being sued in his Personal and, Official capacity.

8.   Defendant **Karen Bellamy** is the CORC Director of the "DOCS." She is being sued in her Personal and Official capacity.

9.   Defendant **Robert Kirkpatrick** is the Superintendent of the Wende Correctional Facility. He is being sued in his Personal and Official capacity.

10.   Defendant **Karen Crowley** is the Deputy Superintendent of Programs of the Wende Correctional Facility. She is being sued in her Personal and Official capacity.

11.   Defendant **Rev. D. Snyder** is the Coordinating Chaplain of the Wende Correctional Facility. He is being sued in his Personal and Official capacity.

a.   Defendant named in paragraph #7 - #8 are located at New York State "DOCS" 1220 Washington Ave., Albany NY 12226.

b.   Defendants named in paragraphs #8 - #11 are located at Wende Correctional Facility., 3040 Wende Road, Alden, NY 14004-1187.

## ADMINISTRATIVE REMEDIES

12. Plaintiff filed grievance # WDE-26728-07. (Plaintiff Exhibit # 1).

13. Plaintiff filed grievance # WDE-26801-07. (Plaintiff Exhibit # 2).

14. Plaintiff filed grievance # WDE-26774-07. (Plaintiff Exhibit # 3).

-4-

15.   In response to (Plaintiff Exhibit #3) Plaintiff filed
Grievance # WDE-26846-07, with a "sworn affidavit" from Plaintiff
**Alberto Rodriguez**, Din #95A8295, as a class member, which was
docketed under grievance # WDE-26846-07. See, (Plaintiff Exhibit
#4, fifteen pages).

16.   As such, Plaintiff Exhibits #1 through #3 were all
consolidated in Grievance # WDE-26846-07, which was appealed
to CORC final review. See, (Plaintiff Exhibit # 5).

## STATEMENT OF FACTUAL ALLEGATION
## WITH SUPPORTING EXHIBITS ATTACHED HEREWITH

17.   On May 23, 2007, I mailed a request to Ms. Donna
Nortrupt, Inmate Grievance Supervisor, a To & From seeking any
information, e.g., CORC decisions, grievances, etc., on the
Santeria religion as I was in the process of changing my religion
to my childhood religion. See, (Plaintiff Exhibit #1).

18.   In response to the May 23, 2007, letter the Inmate
Grievance Supervisor mails me a reply in the form of a grievance
stating "Grievant is advised, this grievance was better addressed
by a letter to Rev. Snyder for a listing of what the facility
allows. Grievance Denied." See, (Plaintiff Exhibit #1 page 2).

19.   On May 30, 2007, Plaintiff received a memorandum from
Chaplain D. Snyder. In this letter the coordinating chaplain
advised me as follows:

> a.   I am unaware of listing of Santeria religious
>       articles;
>
> b.   After your religion is changed to Santeria, you
>       may request a permit be created for such religious
>       articles;

-5-

c. There is no vendor recommened for such materials,
but you should be familiar with such from your
childhood and/or family.
See, (Plaintiff Exhibit #6).


20. On May 31, 2007, after extensive religious counseling,
Plaintiff was "granted" a "Religion Change" from her previous
study and practice of Judaism/Kabala to her professed chose
of the Santeria religion. See, (Plaintiff Exhibit #7).

21. On May 30, 2007, Plaintiff filed a grievance because
she "assumed" that her request for a change of religion was
not being processed. See, (Exhibit #2). In this grievance
numbered WDE-26774-07, Plaintiff submitted a list detailing
each item of minimum proportion list of religious items with
theological basis in the practice of my religion. The list,
which was recommended by the Inmate Grievance Committee and
the coordinating chaplain, see, (Exhibit #1 and #6), was as
follows:

a. Seven Saints Beaded Necklaces;
b. Statute of my saint;
c. Indian Head Pendant w/Chain (optional);
d. Santeria oils used for the "cleansings of the bad
spirits;
e. Religious posters and cards of all the saints;
f. Tarrot cards;
g. Incense sticks, e.g., sticks and, santeria saige,
used for "smudging," i.e., cleansing of the spirits
with an ashtray to hold the ashes;
h. Santeria books and, reading material.

Plaintiff provided a "complete description" of each item she
was requesting and, a complete history behind the theological
basis for each religious item requested in order to satisfy

-6-

my religious tenets. Finally, Plaintiff also requested permission
to obtain a "Santeria Shrine" which would be the final religious
item necessary to practice my religious tenets. <u>See</u>, (Plaintiff
Exhibit #2 page 1 through 3).

22.  In response to Grievance WDE-26774-07, <u>See</u>, (Plaintiff
Exhibit #2) as described above, the Inmate Grievance Committee
responded as follows:

> a. **Grievant is advised, you have already been changed
> to Santeria. Grievance is denied.**

The IGRC candidly refused to respond to Plaintiff's
request to be permitted the religious items requested in her
grievance WDE-26774-07. <u>See</u>, (Plaintiff Exhibit #2 page #4).

23.  Plaintiff, undergoing a substantial burden, filed
another grievance because she now had reasons to believe that
the Inmate Grievance Committee was giving her the "run around"
each time she requested the Santeria religious items necessary
to practice her religion. <u>See</u>, (Plaintiff Exhibit #4 page #
1 through # 2).

24.  As a result of grievance WDE-26801-07, <u>see</u>, (Exhibit
#4), plaintiff receives this response as follows:

> a. **Per investigation grievant is advised, that all
> items that you are allowed to have to practice their
> religion are outlined in directive 4202 & 4911.
> Grievance Denied.** <u>See</u>, (Plaintiff Exhibit #4
> page #3).

25.  Plaintiff reviews "New York State Department of
Correctional Services" Directive #4202 and, 4911. Both directives

are **"devoid** of the Santeria religion and, "fails, in whole," to list any items specifically being approved pursuant to the Santeria tenets and, practices. <u>See</u>, (Plaintiff Exhibit # 8 and, Plaintiff Exhibit # 9, Directive #4202 and, Directive #4911).

26.  Plaintiff "immediately" filed a To & From letter dated June 7, 2007, to Defendant Robert Kirkpatrick requesting the creation of a "Statewide permit for Santeria religious items" and, provided him a list of each item that will be necessary and, served a symbolic theological basis in the Santeria religion. <u>See</u>, (Plaintiff Exhibit #10, page # 1 through #3).

27.  Plaintiff, awaiting a response from her June 7, 2007, letter to Defendant Robert Kirkpatrick, issued a To & From to the Inmate Records coordinator seeking to know her documented religion on file. The purpose for this request was based on Plaintiff's belief that maybe she was receiving the above responses because she was not yet listed in the central office computer under the Santeria religion. On June 8, 2007, Plaintiff receives a memorandum from Wanda Stachowski, IRCII advising her that **"our records show that your religion is Santeria."** <u>See</u>,(Exhibit # 11).

28.  On June 18, 2007, eleven (11) days after writing to Defendant Robert Kirkpatrick for a statewide permit, Defendant K. Crowley, issues a memorandum as follows:

a. Superintendent Kirkpatrick forwarded your letter
   to me for review and response. I asked Deacon Snyder
   to advise me on your request for permits for Santeria
   religious items. As such, the below listed are
   responses to each of your requests:

b. Tarrot cards are not allowed in the facility;
   therefore, they cannot be part of the shrine.

c. Statutes are not permitted, icons may be
   substituted.

d. In regards to smudging, incense, ash tray and,
   oils, Directive 4202 does not address these
   practices and/or items as being Santeria practices.

e. Per Directive 4202, a shrine must be comprised of
   allowable items or material available within the
   facility., in part., ,

f. Granting permission to have the Seven Saint Beads
   shipped to the facility from my family.

29.   Plaintiff first argues that Defendant K. Crowley use
of Defendant Synder as an "advisor" to my request is another
ploy by the defendants to deny Plaintiff her right to practice
her religion as follows:

a. Defendant Snyder had already "admitted" that

−9−

"I am unaware of listing of Santeria"religious items;

    b. in part, "you may request a permit be created for
       such religious articles".
       **See**, (Plaintiff Exhibit #12, Defendant Crowley memo,
           and Exhibit # 6, Defendant Snyder memorandum).

    30.   Based on the above and, the fact that Directive #4202
is **devoid** of the Santeria religion and, allowable items, the
Defendant's denial violates my right to practice my religion
and, deprives Santeria inmates Equal Right protections. The
Defendant's denial of Santeria religious items, which Defendant
Crowley thought could be substituted with an icon, is a direct
violation of one of my most sacred tenets, i.e., "the Statute
of the Saint" is the most sacred and, symbolic tenet of the
Santeria which cannot be substituted. It is like substituting
toast in lieu of "the body of Christ communion and, juice for
the "blood of Christ" within the Catholic religion. Another
example is "substituting a rosary bead chain, which is necessary
within the Catholic religion, with a Icon. Such substitutions
violates the "very core of ones religious tenets." In the
Santeria religion, the items Plaintiff had requested, are all
"minimum" items which bare deep, sacred theological basis in
the daily practice and, prayers of the Santeria religion.

    31.   The Defendant's denial of "smudging, incense, ash tray
and oils, on the sole grounds that Directive 4202 fails to
document its mandated necessity within the Santeria religion

is corroborating evidence to substantiate that the Defendants'
conduct deprives Santeria inmates the right to practice the
Santeria religion and, deprives Santeria inmates access to
"religious articles" which is necessary in the practice of our
tenets and, which have a deep sacred theological basis within
the Santeria religion. See, (Plaintiff Exhibit #8 and #9).

32.  Defendant's K. Crowley's denial of "Tarot cards,"
e.g., small deck of cards which is a material currently
permitted within the New York State Department of Correctional
Services, is yet, another "unwritten" policy that Defendant
uses in order to deprive Santeria inmates access to a religious
item within the "Santeria religion" which has a theological
basis and, symbolic practice in our tenets.

a.  defendants fails, in whole, in this denial to inform
Plaintiff why the denial of tarot cards would serve any
penological purpose and, even if they do, cannot support any
"penological purpose/justification" will be served.

33.  Plaintiff's next step was the filing of Grievance
#WDE-26846, see, (Plaintiff Exhibit #5), arguing that Directive
4202 & Directive 4911 are "devoid" of the Santeria religion.

## EQUAL PROTECTION VIOLATION AND
## SELECTIVE DENIAL OF PROTECTIVE SERVICES CLAIM

(PLAINTIFF SUPPORTING EXHIBITS Directive 4911 & Directive 4202)
See, (Plaintiff Exhibit #8 & #9)

34.  Plaintiff argues that "all other religious practices"

-11-

e.g., Muslim, Catholics, Protestants, Jewish and Native Americans are provided a broad right to obtain, possess and, practice there religion as follows:

    a.   Directive 4202 permits Muslim inmates to receive a "wide range variety" of "Islamic oils," prayer rugs, Kufi's, Dhikr beads, prayer shawls, no pork diets and, Islamic garbs, including, but not limited to, Islamic services;

    b.   Santeria inmates are being denied "Santeria oils;"

    c.   Directive 4202 permits Catholic inmates to received a "wide range variety" of approved sacrementals in their living area or on their person. Such approved sacrementals include but, are not limited to rosary beads, scapulars, shrines, crucifixes, palms, and holy pictures.

    d.   Santeria inmates are being denied "Religious Statute of our Saint, Tarrot Cards and, Santeria Shrine.

    e.   Directive 4202 permits Jewish inmates to receive a "wide range variety" of Yarmulke, Fez', Khimar' or, Tsalot-kob, Talit-katan, Tefillin, and the Holy Torah.

    f.   Santeria inmates, however are denied Santeria Tarrot Cards;

g.  Directive 4202 permits Native American Indian inmates
a "wide range variety" ritual cleansing materials and, religious
items, such as, ritual burning of a small amount of herb to
create smoke for ceremonial cleansings, medicine bag with small
animal bones, pebbles, & natural objects. Sage, cedar, scared
tobacco, calamus root, and kinnick-kinnick, which is used to
"burn" and, "cleanse the spirits. Native American Indians are
also provided with an "ash tray" to hold the ashes.

h.  However, Santeria inmates are denied "Santeria saige
and, incense sticks used for "ceremonial cleansings in our
religion." Santeria inmates are denied "ash trays" yet, Native
American Indians are permitted to have them. Native American
Indians are even allowed to possess "lighters" to burn their
sage, etc., yet Santeria inmates are being denied the exact
"ceremonial cleansing" request, with Santeria materials, that
Native American's can receive.

i.  Religious "Shrines" are permitted but, Santeria Shrines
are made to specifically hold the "mandated religious statute
and, tarrot cards, Santeria oils and, offerings from a Santeria
practitioner. In Order for an inmate to create such shrine with
"normally allowed materials" an inmate must have "access" to
the "sacred religious items" which are being denied by the
Defendants. Furthermore, the "shrine" language of how a shrine
can be possessed is too vague and, does not describe if a
Santeria shrine, which is mailed from the sacred shop, can be

obtained through the package room as long as it meets the size and, "normally allowed items & material description." Defendant's language, within Directive 4202(d)(2), requires closer judicial scrutiny to determine is necessary provisions should be made to accommodate Santeria Shrines as follows:

j.   allow Santeria inmates to obtain "materials" e.g., glue, a cardboard box size 1' X 1' and 1' in height.

35.   Plaintiff argues that the Defendant's conduct described herewith clearly violates Santeria inmates the Equal Protection Rights to practice their religion and, be permitted religious items necessary in the prayers and, tenets of the Santeria religion. Providing **all** other recognized religious full access to services, religious items and, recognition but, depriving Santeria observers the same rights and protection substantiates a deprivation of Plaintiff's freedom of religion and, practices thereof.

### A BRIEF HISTORY
### OF THE SANTERIA RELIGION

36.   The Santeria religion consists of spiritual healing and, ceremonial cleansings of the spirits.

37.   The Santeria religion consists of palm reading and, Tarot card readings of past, present and future signs which are symbolic to the Santeria study and teachings.

38.   The Santeria faith consists of spiritual healers called "Santero's" or "Santeria's." These spiritual advisors are the

"highest spiritual advisor" a Santeria observer can reach. A
"Santero or Santera" have "sacred shops" called "Botanica's"
which help serve the Santeria faith members in obtaining
religious articles, e.g., oils, beads, statute of holy sacred
saint, santeria saige & incense, tarrot cards, etc., necessary
in the practice of the Santeria religion and its tenets.

39.  Santeria members require "religious articles" that
is necessary in the practice of this religion. A minimum list
of theological items which have a sacred symbolic basis to
practice this religion is as follows:

   a.  Statute of Guiding Saint. The Statute comes in
plastic, ceramic, or wood. It stands a minimum of 6 inches tall
or, a maximum of 12 inches tall. The Statutes are small, must
be kept in a persons living quarters and, cannot pose any threat
to the safety and security of any known New York State
Correctional Facility.

   b.  Santeria shrine, prayer/cleansing oils, tarrot
cards, saige, incense sticks and, ash trays.

   c.  Santeria beads.

40.  It is important to note that the Santeria religion
is "clearly established law" as a recognized religious faith
group. Santeria individuals are not demonic and, we practice
ceremonial cleansings of the spirits and, spiritual healing.

41.  The above listed items are "minimum" and, cannot be
substituted as each item has a symbolic theological basis in
the study and, practice of the Santeria religion and, its tenets.
Santeria observers uses "Saints" to guide us in our prayers
and, our religious Tenets. The symbolic statutes, I seek, are

-15-

made of different images, e.g., Statute of St. Barbara, St.
Maria de Carmen, St. Ochu, St. Martin de Porre, St. Lazaro,
St. Raymond and, St. Clarida del Carmen. The "Highest Saint"
in the Santeria religion is St. Chango. The ceremonial ritual
month of August guiding saint is St. Raymond. June 15th is known
as "El dia de Chango." On this date Santeria members pray to
Chango all day and, do ceremonial cleansings of the
spirits.

42.  The Defendants' do not recognize Santeria worshipping
dates and, do not recognize the necessity of the Santeria inmates
need for Santeria Statutes of Guiding Saints, Santeria prayer
and ceremonial oils, Tarrot cards and, ceremonial cleansing
material, e.g., Santeria saige, incense sticks and, ashtray
to hold ceremonial ashes which are discarded at the conclusion
of each cleansing.

43.  Santeria Statutes are "small" and, cannot be deemed
to be a threat to the safety or security of the facility. Plastic
statutes are small and, are easily to search during a cell
frisk. The ceramic statutes are small and, cannot be used as
a weapon. The wood statutes are small and, cannot be used to
make a weapon.

44.  Plaintiffs' argue that any member of the Santeria
religion knows that "disrespect" of any religious item within
the Santeria religion results in misfortune, bad luck and,
spiritual woes for any member who was to, e.g., deface beads,
statute of a saint, or use the Santeria religion as a game.

45.  Plaintiffs' argue that "DOCS" permits inmates to
possess a wide range variety of personal property that can
be construed as weapons, e.g., Electric Shavers, Glass Tube
Televisions, Hot Pots, Metal Lamps, Hair Trimmers, Electrical
Cords, Can Openers, Can Foods, Radios, etc. Inmates within the

-16-

"DOCS" are allowed nail clippers, tweezers, toe nail clippers
and, electric fans. Surely the Defendants' cannot argue that
Santeria oils, cleansing material, Statute of a Religious Saint
or, Tarrot cards can be construed as a weapon.

46.   Defendants' have "never" argued that the religious
items requested were being denied because these could be used
as a weapon, construed as a weapon, hide contraband, create
havoc amongst other inmates or, create a fire hazard. One can
easily infer that such claims would be contrary to an existing
amount of privileges other inmates retain within the "DOCS"
and, Defendants' could have not reasonably concluded anything
less.

47.   The sole basis of depriving Plaintiffs' access to
Santeria religious items was based on the devoid directives
4911 and 4202 governing purchase and access of religious items.

48.   Icons cannot be substituted for Religious Statutes.
The Guiding Statute itself is an essential symbolic item
necessary in prayer and, ceremonial cleansings.

49.   Defendants' would not give Catholic inmates a "picture"
of Rosary beads to use in prayer. Santeria inmates should not
use a "picture" in prayer.

50.   Plaintiffs' argue that the right to practice the
Santeria religion with the most minimum religious items requested
is reasonable and, the denial of said items has restrained the
Plaintiffs' in prayers, ceremonial cleansings and, practice
of the tenets they seek to study and, learn.

### PLAINTIFF RODRIGUEZ'S ADDITIONAL CLAIMS

51.   Plaintiff Rodriguez filed a grievance on July 4, 2007,

requesting, inter alia, Santeria Statute of Guiding Saint, Santeria prayer/ceremonial oils, tarrot cards, Orisha beads, Santeria shrine and, ceremonial spiritual cleansing materials, i.e., Santeria saige, incense sticks and, ashtray to hold the ceremonial ashes until cleansings are completed. See, (Plaintiff Exhibit #13).

52.  Plaintiff Rodriguez was denied all requested material except for Orisha beads, See, (Plaintiff Exhibit # 18 - # 21).

53.  Plaintiff Roderiguez submitted a memorandum to Defendant K. Crowley on July 16, 2007 requesting to be granted a religious permit to obatin Santeria items. Defendant Crowley deprived Plaintiff this request in violation of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). See, (Plaintiff Exhibit #14).

54.  Plaintiff Rodriguez submitted a memorandum to Defendant Brian Fischer dated July 16, 2007 requesting to be granted a religious permit to obtain Santeria items. Defendant Fischer deprived this request in violation of Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). See, (Plaintiff Exhibit #15).

55.  Plaintiff Rodriguez submitted a letter to the Director of Ministerial Services ("Central Office") dated July 16, 2007 requesting a religious permit to obtain Santeria items. Defendant named herein deprived this request in violation of Plaintiff's right under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  See, (Plaintiff Exhibit #16).

56.  Plaintiff Rodriguez submitted a Grievance Appeal
Statement to Defendant Robert Kirkpatrick on Grievance
# WDE-26930-07 on July 16, 2007. Plaintiff advised Defendant
Kirkpatrick as follows:

    a.  Directive #4911 and #4202 were **devoid** of the Santeria
        religion -

    b.  The Santeria items requested have deep symbolic
        theological basis and, denial of such creates a
        substantial burden and, deprival of Plaintiff's rights
        to practice his religion -

    c.  Plaintiff requested Santeria prayer oils, ceremonial
        cleansing materials, assembled shrine, tarrot cards,
        Orisha beads and, Statute of Guiding Saint -

Id. <u>See</u>, (Plaintiff Exhibit #17).

57.  All Defendants' denied Plaintiff Rodriguez requests
to be provided with Santeria religious items. <u>See</u>, (Plaintiff
Exhibit #18 - #21).

58.  As a result of the above Plaintiffs' were unable to
adequately practice their religious tenets and, were deprived
of their federally protected rights to practice their religion
free from governmental intrusions which created, and still
creates, a substantial burden on Plaintiffs' and, incarcerated
Santeria inmates.

59.  The Santeria religion has been recognized by the
United States District Court (SDNY) and, by the United States
Supreme Court. The Santeria religion is practiced in the United
States, Latin America and, all Caribbean islands.

-19-

## COUNT ONE - FIRST AMENDMENT CLAIMS

60.  Defendants' all named herein violated Plaintiffs' rights under the Establishment Clause of the First Amendment when they granted other religions pursuant to their own directives, policies and, procedures a broad right to obtain and, possess religious items but, deprived Santeria Plaintiffs' access to Santeria items but instead **"encouraged"** Santeria Plaintiffs' to use "Islamic" and, "other" approved religious items for other religions recognized by their directives in order to practice the Santeria tenets.

## COUNT TWO - RELIGIOUS LAND USE
## AND INSTITUTIONALIZED PERSONS ACT ("ALUIPA")

61.  Defendants' all named herein violated Plaintiffs' rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") when they denied and, deprived Santeria Plaintiffs' access to religious items necessary in the study and, practice of the Santeria tenets and, in order to support violating Plaintiffs' constitutional rights. It should be stressed that Defendants' had not once raised security, safety, fire, or governmental interest issues in depriving Santeria Plaintiffs' access to religious items necessary in the practice of the Santeria religion and tenets.

## COUNT THREE AND FOUR - PENDENT JURISDICTION

62.  Plaintiffs' submits claims under their supplemental jurisdiction rights.

63.  Defendants named herein violated Plaintiffs' rights "under the supplemental and pendent jurisdiction claims", i.e., pursuant

to 28 U.S.C. 1367, when they deprived Santeria inmates the right
to practice the Santeria religion in violation of Section 610(1)
of the New York Correction Law by denying Santeria inmates the
right to obtain religious items necessary in the practice of
the Santeria tenets as each item requested contained a sincere
deep symbolic theological basis within the Santeria religion.

### COUNT FIVE - EQUAL PROTECTION CLAUSE

64.  Defendants named herein all violated Plaintiffs' rights
under the Equal Protection Clause of the Fourteenth Amendment
of the United States Constitution, Due Process Clause of the
14th Amendment and, Selective Denial of Protective Services
when they provided Muslim, Catholic, Jewish, Native American's
and, Roman Catholic inmates access to "numerous" religious items
but, deprived Santeria members recognition within "DOCS"
Directive 4911 and 4202 and, denied all Santeria religious items,
except for beads, which created a substantial burden and
deprivation against Santeria inmates religious tenets.

### PRAYER FOR RELIEF

65. Trial By Jury Demanded -

66. Class Action Certification and/or Appointment of Counsel
as the instant complaint adequately establishes "Class Action"
deprivations which would be better served by the assistance
of Counsel Representation -

67.  Plaintiff Blast and, Plaintiff Rodriguez seeks
injunction relief enjoining the Defendants' and their successors
granting an Order as follows:

a.  Establishing recognition within "DOCS" Directives 4911

-21-

and 4202 listing the Santeria religion as a recognized and,
authorized religious practice within the New York State
Department of Correctional Services –

    b.   Injunction relief granting Tarrot Cards to Santeria
        Plaintiffs' with a Religious Permit authorizing
        Statewide possession –

    c.   Injunction relief granting Statute of Religious Saint
        to Santeria Plaintiffs' with a Religious Permit
        authorizing Statewide possession – (Size 6 inches or
        12 inches tall and, make of Statute, e.g., Plastic,
        Ceramic, or Wood to be left to the discretion of the
        Defendants') –

    d.   Injunction relief granting **Santeria** Prayer oils –

    e.   Injunction relief granting ceremonial cleansing
        material, i.e., Santeria saige, incense sticks and,
        ashtray to smudge and hold ceremonial ashes –

    f.   Injunction relief granting access to assembled Santeria
        Shrine shipped from Santeria Shop, i.e., plastic –

    g. Compensatory damages for violations of "Clearly
        Established Federal Laws" in the amount of $125,000.00
        to each Plaintiff to ensure Constitutional Rights
        of Plaintiffs' must be protected and respected –.

Signed this _____ day of _____ 2007.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _____, _____ 2007

LEADING PLAINTIFF, Pro Se
SYNTHIA CHINA BLAST
#97A0308

Plaintiff, Alberto Rodriguez
Pro Se #95A8295