FILED
-PS-O-

2007 SEP 20 AM 11:48

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SYNTHIA CHINA BLAST, #97A0308,
ALBERTO RODRIGUEZ, #95A8295,
"Any and All Similar Situated",

        Plaintiffs,

-v-

**DECISION AND ORDER**
07-CV-0567Sr

COMMISSIONER BRIAN FISCHER,
DIRECTOR MARK LENARD, Minsterial Services,
CORC Director KAREN BELLAMY,
Superintendent ROBERT KIRKPATRICK,
Deputy .Superintendent Programs KAREN CROWLEY,
REV. D. SNYDER Coordinating Chaplain, "All Defendants
being sued under their individual, personal and official
capacity for injunction relief and, punitive and/or compensatory
damages,

        Defendants.

---

## INTRODUCTION

Plaintiffs Synthia China Blast ("Blast") and Alberto Rodriguez ("Rodriguez") have filed a complaint, *pro se*, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 et seq., alleging that they are being denied their rights to practice the Santeria religion[1] at the Wende Correctional Facility in violation of the First

---

[1]"Santeria orginated in Cuba as a combination of the Western African Yoruba Religion and Iberian Catholicism." http://religiousmovements.lib.virginia.edu/nrms/santeria.html. "It is one of the many syncretic religions created by Africans brought to the Caribbean islands as slaves." *Id.* (Citations and internal quotation marks omitted).

Amendment, the Equal Protection Clause of the Fourteenth Amendment and RLUIPA. Plaintiffs allege that they are being denied access to or the use of various religious symbols of the Santeria religion, including Santeria oils, Santeria statues, tarrot cards and a Santeria shrine.

Presently pending before the Court are Blast's application to proceed *in forma pauperis* ("IFP") (Docket No. 2), and Blast and Rodriguez' motion for an "injunction" pursuant to Fed.R.Civ.P. 65(a) (Temporary Restraining Order) (Docket Nos. 1, 3 and 4 ). For the following reasons, Blast's application to proceed *in forma pauperis* is granted, Rodriguez must file an application to proceed *in forma pauperis* and prison authorization by October 22, 2007, or the complaint will be dismissed without prejudice as to him and Blast's request for a temporary restraining order is denied without prejudice.[2]

## DISCUSSION

### Application to Proceed In Forma Pauperis

Because Blast has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis* and the Court directs the Clerk of the Court to cause the U.S. Marshals Service to serve the summons and complaint on the named defendants.

---

[2]Because Rodriguez has not submitted an application to proceed *in forma pauperis* and prison authorization, the Court can only consider the application for a temporary restraining order as being brought by Blast.

2

Before this action can proceed as to Rodriguez, he must submit an application to proceed *in forma pauperis* and an authorization by **October 22, 2007**, authorizing the Wende Correctional Facility to encumber and remit to the Court from his inmate trust account up to the full $350.00 filing fee. While the full filing fee may be equally split between the two plaintiffs, if Rodriguez does not submit a proper authorization and application to proceed *in forma pauperis*, the complaint will be dismissed as to him and Blast will be required to pay the full amount of the filing fee. If Rodriguez submits a proper authorization and application to proceed *in forma pauperis*, then the he and Blast will be required to pay their equitable share of the filing fee, pursuant to the guidelines set forth in 28 U.S.C. § 1915(b).

### Application for Temporary Restraining Order[3]

Plaintiffs have both submitted affidavits and a memorandum of law in support of their motion for a temporary restraining order (Docket No. 4) and Blast has submitted an additional declaration in support of the request for a temporary restraining order. (Docket No. 3, Blast Declaration). Blast's declaration claims that she is unable to practice her "Santeria tenets" because defendants have placed "substantial burdens" on her ability to practice her religion. (*Id.*, p. 4) Those "burdens" are alleged to be: denying prayer oils; denying "ceremonial

---

[3]It is not entirely clear from plaintiffs' papers whether they are seeking both a temporary restraining order and preliminary injunction but since the Court must liberally construe plaintiffs' *pro se* filings it will construe plaintiffs' papers to seek both a temporary restraining order and preliminary injunction.

cleansing material"--*e.g.* Santeria saige, incense and ashtray/seashell for "smudging;" and tarrot cards. (*Id.*, ¶ 4(a)-(d)).

A temporary restraining order may be granted without written or oral notice to the adverse party ... only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed R. Civ. P. 65(b). An ex parte temporary restraining order will be granted only in "extraordinary circumstances." Rule 65(a) of the Local Rules of Civil Procedure. At this time, Blast has not clearly demonstrated a likelihood of success on the merits, nor (2) has she raised serious questions going to the merits, with the balance of hardship tipping in his favor. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985); *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991).

A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly. *See, e.g., Borey v. National Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d Cir.1991. The standard for a temporary restraining order in this Circuit is the same as for a preliminary injunction. *See, e.g., Local 1814 Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n. Inc.*, 965 F.2d 1224, 1228 (2d Cir.) (citation omitted), *cert. denied*, 506

U.S. 953 (1992); *Roberts v. Atlantic Recording Corp.*, 892 F.Supp. 83, 86 (S.D.N.Y.1995). The standard for a preliminary injunction is well established: "[a] preliminary injunction may be granted only upon a demonstration of irreparable harm, and either (1) a likelihood of success on the merits of [the] case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in [ ] favor [of the moving party]." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 779-80 (2d Cir.1994) (brackets in Waldman) (internal quotations and citations omitted); *see, e.g., also Polymer Technology Corp. v. Mimran*, 37 F.3d 74, 77-78 (2d Cir.1994) (quoting *Coca-Cola Co. v. Tropicana Prods. Inc.*, 690 F.2d 312, 314-15 (2d Cir.1982)); *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979) (per curiam). Moreover, a preliminary injunction cannot be granted without notice and a fair opportunity to oppose the application. *See* Fed.R.Civ.P. 65(a); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 434 n. 7 (1974) (before preliminary injunction may issue, defendant must be afforded fair opportunity to oppose application and to prepare for such opportunity).

Based on a review of the papers submitted in support of plaintiffs' motion for a temporary restraining order and preliminary injunction there is no evidence that plaintiffs have provided any type of notice to defendants regarding the filing of this action and request for injunctive relief or that notice should not be required.

5

*See* Fed.R.Civ.P.65(b)(2). As set forth above, in the absence of such notice to defendants, neither a temporary restraining order nor a preliminary injunction can issue. *Id.*, 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party.")

Moreover, while it has been held that a violation of a constitutional violation constitutes "irreparable injury," *see, e.g., Elrod v. Burns*, 427 U.S. 347, 373-74 (1976) ("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury[]"), Blast has not established either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Simply stated at this time, Blast has not established at this time that the denial of the few religious symbols or materials set forth in her declaration substantially burdens her exercise of the Santerian religion. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987) (a regulation that burdens a protected right passes constitutional muster " 'if it is reasonably related to legitimate penological interests.' ") *(citation omitted); Salahuddin v. Goord*, 2006 WL 3041934, at ** 5-6 (2d Cir. October, 27, 2006) ("RLUIPA protects inmates by providing that a government shall not 'impose a substantial burden' on the 'religious exercise' of inmates in certain institutions unless the government shows that the burden furthers a compelling governmental interest by the least restrictive means. . . . "The prisoner must show at the threshold that the disputed conduct

substantially burdens his sincerely held religious beliefs.") (citing 42 U.S.C. § 2000cc-1(a), and *Ford v. McGinnis*, 352 F.3d 582, 591 (2d Cir. 2003)).

Blast, at this time, has not clearly established a likelihood of success on the merits in order to justify the granting of a temporary restraining order ex parte and, therefore, her motion for a temporary restraining order and preliminary injunction is denied without prejudice. Blast, and when and if Rodriquez files his application to proceed *in forma pauperis* and prison authorization, may re-file a motion for a preliminary injunction following service of the summons and complaint on defendants which addresses the standards articulated above and further supports the motion.

## CONCLUSION

Because Blast has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, her request to proceed *in forma pauperis* is hereby granted. Rodriguez shall file an application to proceed *in forma pauperis* and a prison authorization no later than October 22, 2007. Rodriguez' failure to file an application to proceed *in forma pauperis* and prison authorization will lead to the dismissal of the complaint as to him without further order or notice. Blast's motion for a temporary restraining order and preliminary injunction is denied.

## ORDER

IT HEREBY IS ORDERED, that Blast's request to proceed *in forma pauperis* is granted;

FURTHER, that Rodriguez shall file an application to proceed in forma pauperis and prison authorization no later than **October 22, 2007**;

FURTHER, that in the event Rodriguez fails to file an application to proceed in forma pauperis and prison authorization as directed above by **October 22, 2007**, the complaint shall be dismissed as to Rodriguez without prejudice without further order of the Court;

FURTHER, that the Clerk of the Court is directed to file Blast's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order forthwith upon Brian Fischer, Mark Lenard, Karen Bellamy, Robert Kirkpatrick, Karen Crowley and Rev. D. Snyder without Blast's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Blast's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Sept. 19, 2007