**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**SYNTHIA CHINA BLAST, 97-A-0308,**

                    **Plaintiff,**              **07-CV-0567(Sr)**

**v.**

**BRIAN FISCHER, Commissioner, et al.,**

                    **Defendant.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #50.

Currently before the Court is plaintiff's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. #12.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

        1.     Whether the indigent's claims seem likely to be
                 of substance;

2.      Whether the indigent is able to investigate the crucial facts
        concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-
        examination will be the major proof presented to the fact
        finder;

4.      Whether the legal issues involved are complex;
        and

5.      Whether there are any special reasons why appointment of
        counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).


        The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).


        The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that the Wende Correctional Facility is denying her constitutional right to practice the Santeria religion. Dkt. #11. Plaintiff seeks to present

this claim as a class action and asserts that counsel is needed to meet the

requirements for class action certification.  Dkt. #15.  Plaintiff also claims that the legal

issues are complex and that discovery will be voluminous.  Dkt. #15.  However, plaintiff

has not established at this point in the litigation that she is unable to represent her own

interests in this matter and the Court feels no obligation to appoint counsel to represent

the interests of potential class members.  The Court notes that plaintiff has

demonstrated an ability to articulate relevant facts and legal theories to the Court.  As a

result, plaintiff's motion (Dkt. #12), for appointment of counsel is denied without

prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press

forward with this lawsuit *pro se*.  28 U.S.C. § 1654.


**SO ORDERED.**


DATED:     Buffalo, New York
           May 1, 2008

                                        */s/ H. Kenneth Schroeder, Jr.*

                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**