**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**SYNTHIA CHINA BLAST, 97-A-0308,**

                        **Plaintiff,**                **07-CV-0567(Sr)**

**v.**

**BRIAN FISCHER, Commissioner, et al.,**

                        **Defendant.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #50.

Currently before the Court is plaintiff's motion for appointment of an expert witness, pursuant to Rule 706 of the Federal Rules of Evidence, in the religion of Santeria and Western Cultural African Yoruba. Dkt. #13.

Rule 706 of the Federal Rules of Evidence permits the Court to appoint an expert witness. "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *Benitez v. Mailloux,* No. 09-CV-1160, 2007 WL 836873, at *1 (N.D.N.Y. March 15, 2007), *quoting Pabon v. Goord*, No. 99CIV5869, 2001 WL 856601, at *1 (S.D.N.Y. July 30, 2001). "The

appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert, in its assessment of technical issues." *Benitez*, 2007 WL 836873, at *1. Thus, the "most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Reynolds v. Goord*, No. 98 Civ. 6722, 2000 WL 825690 at *2 (S.D.N.Y. June 26, 2000).

The Court should also bear in mind the substantial expense that defendants may have to bear if the Court appoints an expert in a case where, as in this action, one of the parties is indigent. *See* F.R.E. 706(b). Given the large number of cases involving indigent prisoners, and the substantial costs that may result, appointment of an expert should be used sparingly. *See Benitez*, 2007 WL 836873, at *2, *quoting Pabon*, 2001 WL 856601, at *2.

As this case is brought pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), the paramount issue for the Court will be the sincerity of plaintiff's beliefs, rather than the objective importance of a particular practice within that system of faith. *See McEachin v. McGuinnis* [sic], 357 F.3d 197, 201 (2d Cir. 2004) ("a burdened practice need not be mandated by the adherent's religion in order to sustain a prisoner's free exercise claim."). Plaintiff has demonstrated to the Court that she is articulate and fully capable of expressing her religious beliefs, and the basis for those beliefs, to the Court. As a result, the Court finds that there is

insufficient justification to appoint an expert at this time. Accordingly, plaintiff's motion (Dkt. #13), for appointment of an expert witness is denied without prejudice.

**SO ORDERED.**

DATED: Buffalo, New York
    May 1, 2008

              /s/ *H. Kenneth Schroeder, Jr.*
              _____
              **H. KENNETH SCHROEDER, JR.**
              **United States Magistrate Judge**