UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SYNTHIA CHINA-BLAST, 97-A-0308,

                          STIPULATION OF SETTLEMENT
                          AND ORDER OF DISMISSAL

                Plaintiff,

     vs.
                          **07-CV-567**

NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES, BRIAN FISCHER, COMMISSIONER,
MARK LEONARD, DIRECTOR OF MINISTERIAL
SERVICES, KAREN BELLAMY, DIRECTOR OF CORC,
ROBERT KIRKPATRICK, SUPERINTENDENT OF WENDE
CORRECTIONAL FACILITY, KAREN CROWLEY, DSP,
REV. D. SNYDER, COORDINATING CHAPLAIN,
All Individual Defendants being sued under
their Individual, Personal, Official Capacity
for Injunctive Relief, punitive and compensatory
damages,

               Defendants.

    WHEREAS, plaintiff, Synthia China Blast, (97-A-0308), filed
a Complaint in this action with the United States Clerk's Office
for the Western District of New York on August 27, 2007 (docket
no. 1) (the "Complaint"), and an Amended Complaint on October 25,
2007 (docket no. 11), alleging that the defendants violated
plaintiff's constitutional and statutory rights during
plaintiff's incarceration in the New York State Correctional
Services system in regard to Blast's free exercise of religion;
and

WHEREAS, defendants answered the Complaint and Amended Complaint and denied all allegations that their conduct violated plaintiff's constitutional or other rights; and

WHEREAS, the parties are interested in resolving all of the issues alleged in the Complaint and the Amended Complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, the parties to the Action are desirous of discontinuing this litigation without the need for trial and without admitting any wrongdoing on the part of defendants;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel as follows:

1.    The parties hereby agree that the Action is dismissed and discontinued with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2.    Defendants shall pay to plaintiff the sum of $500 in full satisfaction of any and all claims for relief in this Action. Payment shall be made by check payable to Synthia China Blast, 97-A-0308, and delivered to the correctional facility in which Blast is then incarcerated, for deposit into

2

Blast's inmate/facility account.   Defendants also are to issue
Blast a religious permit for the items agreed to by the parties,
deliverable upon Blast's execution of this agreement.   Blast
acknowledges that the items set forth in the religious permit are
sufficient for Blast to freely and adequately practice Blast's
religion.

      3.   In consideration of the above, Blast hereby
releases and discharges the defendants and any and all current or
former employees or agents of New York State or the New York
State Department of Correctional Services, in their individual
and official capacities, and their heirs, executors,
administrators and assigns, and the State of New York and its
agencies, including, without limitation, the New York State
Department of Correctional Services, from any and all claims,
liabilities and causes of action arising out of the circumstances
set forth in the Complaint and Amended Complaint.   This release
and discharge is applicable only to the subject matter of this
action, and is not applicable to any other action which Blast may
have pending in this Court or any other Court unrelated to
Blast's religious practices.

4.   Nothing in this Stipulation of Settlement shall be construed as an admission or acknowledgment of liability whatsoever by the defendants or the New York State Department of Correctional Services regarding any of the allegations made by the plaintiff in Blast's Complaint or Amended Complaint.

5.   Payment of the amount recited in paragraph #2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law.  Plaintiff agrees to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

6.   Subject to the provisions of the foregoing paragraphs, in the event payment of the amount recited in paragraph #2 above is not made within one hundred and twenty (120) days after the receipt by defendants' counsel from the Court of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty-first day after receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement.

4

7.    This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

8.    This Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: October 23, 2009

ANDREW M. CUOMO
Attorney General of the
State of New York

By: MICHAEL J. RUSSO
Assistant Attorney General,
Counsel for Defendants
350 Main Street
Main Place Tower, Suite 300A
Buffalo, NY 14202
Michael.Russo@oag.state.ny.us

Dated: October 19th, 2009

SYNTHIA CHINA BLAST

5

Dated: October ____, 2009


                                      _____
                                         H. Kenneth Schroeder, Jr.
                                    United States Magistrate Judge